Richard G. Neuheisel - 001659
**NEUHEISEL LAW FIRM, P.C.**
**Wells Fargo Bank Building**
**64 East Broadway Road, Suite 245**
**Tempe, Arizona  85282**
**Tel (480) 838-5000**
**Fax (480) 557-6366**

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

In re:                                             )
                                                   )
RODNEY J. ADAMS,                                   )    NO.
                                                   )
             Plaintiff,                            )    **COMPLAINT**
                                                   )
vs                                                 )
                                                   )
SHUTTLEPORT ARIZONA JOINT                          )
VENTURE; SHUTTLEPORT SERVICES                      )
ARIZONA LLC, a limited liability company; )    JURY TRIAL DEMANDED
SHUTTLEPORT HOLDINGS INC.,                         )
a member; VEOLIA TRANSPORTATION                    )
SERVICES, INC., a Maryland Corporation;            )
CITY OF PHOENIX, an Arizona Municipal              )
Corporation; ROBERT BEAN,                          )
                                                   )
             Defendants.                           )
_____ )

RODNEY J. ADAMS, ("Plaintiff") for his cause of action against Defendants alleges:

### GENERAL ALLEGATIONS
### (Parties and Jurisdiction)

1.      Plaintiff is a resident of Maricopa County, State of Arizona and has been during all relevant times herein.  He is a 39 year old Black American.

2.      Defendant Shuttleport Arizona Joint Venture is an Arizona Limited Liability company doing business in Arizona as Shuttleport/Veolia. Shuttleport Services Arizona LLC, a

limited liability company and Shuttleport Holdings, Inc., a member and Veolia Transportation Services, Inc. are all a part of the ownership of the Joint Venture. It has over 200 employees. Defendant City of Phoenix owns and operates Sky Harbor Airport and has a contract with Defendant Shuttleport Arizona Joint Venture to provide shuttle bus service between terminals at Sky Harbor Airport and the rental car center; Defendant Robert Bean was at the time of the acts set forth herein an employee of Shuttleport and works and resides in Maricopa County. Defendant Shuttleport will be referred to as Defendant herein; Defendant City of Phoenix will be referred to as the City of Phoenix herein and Defendant Bean will be referred to as "Bean" herein..

3. Defendant Shuttleport is the nations largest provider of transit services and provides bus shuttles for passengers renting cars at Phoenix Sky Harbor Airport and has done business in Maricopa County, Arizona at all times relevant hereto.

4. At all times relevant, Defendant's officers, directors, supervisors, agents and employees were acting for and on behalf of Defendant and such actions were in the course and scope of their authority or alternatively were acting under color of authority and beyond the scope of their duties with knowledge or consent of the Defendant.

5. Plaintiff is informed and believes that there may be other Defendants who are in some way responsible for the acts complained of herein. When said Defendants' true identities have been ascertained, Plaintiff will seek leave to amend this Complaint.

6. All Defendants have committed violations of United States Laws as well as the State of Arizona Laws, and caused events to occur in the State of Arizona, which are the foundation of this action out of which this Complaint arises.

7.    Defendant City of Phoenix owns and operates Sky Harbor Airport and has a contractual agreement with Defendant Shuttleport Arizona Joint Venture to provide shuttle bus service between terminals at Sky Harbor Airport in Phoenix, Arizona and the rental car center; the RCC Shuttle Bus Operator Management Agreement entered into with the City of Phoenix dated August 24, 2005, provides in paragraph 15.10, that "In order to do business with the City of Phoenix the operator must comply with the Phoenix City Code Affirmative Action Program. The operator is responsible for maintaining its eligibility during the life of the agreement;" The City required under the terms of the contract that defendant Shuttleport comply with the City of Phoenix's Affirmative Action program; under paragraph 15.13, the City required defendant Shuttleport to comply with all Federal, State and Local laws, ordinances and codes; the City of Phoenix detectives that interviewed plaintiff as set forth hereinafter, are and were employees and agents of the City of Phoenix, and had notice of the wrongdoing alleged against Plaintiff herein.

## JURY DEMAND

8.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff demands a jury trial of any issue triable of right by a jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiff is an unmarried adult male who has been employed by Defendant as an Ambassador providing curbside customer service to Defendant's customers since March 27, 2006. At all times, Plaintiff has performed capably. He received a 2006 performance appraisal wherein Defendant rated Plaintiff high and he met an acceptable level of performance.

10.    Plaintiff not only received an "acceptable" level of performance rating, the second highest ranking in his 2006 performance approval, Defendant's Fall edition of

"Shuttleport" honored Plaintiff by publishing Plaintiff's receipt of being a September 2006 winner of having "Lunch with the General Manager;" Plaintiff was recognized as receiving commendations from customers; and Defendant's publication congratulated Plaintiff on being a winner of the "Team Performance Incentives" and rewarded Plaintiff with Arizona Diamondback tickets on September 13, 2006.

11.    Team performance criteria is listed in Shuttleport as "No absences, miss outs (tardies), no call/no show verified complaints, preventable accidents or incidents." Plaintiff was an exemplary employee of Defendant and Plaintiff has obtained numerous letters of support from co-workers.

12.    Plaintiff is an hourly employee and earns $8 per hour. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

13.    Plaintiff filed his first Charge of Discrimination with the Equal Employment Opportunity Commission on October 2, 2006. A copy is attached hereto as Exhibit "1" and incorporated herein by reference. Plaintiff claimed that beginning on June 11, 2006, his employer subjected him to a pattern of discrimination that included racial slurs because he is black; he complained that at his place of employment he was referred to a the Baseline killer and rapist; he was harassed by a white fellow employee who told Plaintiff, other employees and the police that because of Plaintiff's skin color, he was the Baseline Killer. Defendants' discrimination against Plaintiff was continuing in nature, were multiple acts of discrimination and were company wide at Plaintiff's place of employment.

14.    Plaintiff alleges he complained to Defendant's management about the racial slurs and discrimination numerous times and absolutely no action was taken. He alleges that

because of his complaints, his supervisor gave him written disciplinary warnings; Plaintiff alleges he was discriminated against because of his race, black, and retaliated against by his management for complaining to the EEOC of racial discrimination, in violation of Title VII. Following his EEOC charges of discrimination on October 2, 2006, in November 2006, he again discussed the details of the discriminatory practices with management and was retaliated against with unwarranted disciplinary warnings in December 2006.

15.    On January 12, 2006, Plaintiff filed a second EEOC charge of discrimination for Defendant's retaliation against him. A copy of the second charge of discrimination is set forth as Exhibit 2 and incorporated herein by reference.

16.    Plaintiff filed a third charge of discrimination against Defendant with the EEOC on May 25, 2007, alleging he had been wrongfully discharged on May 17, 2007. See Exhibit 3 attached hereto and incorporated herein by reference. The wrongful termination was a result of Plaintiff having filed the two previous charges of discrimination with the EEOC.

17.    The EEOC gave written notice to Defendant of Plaintiff's first Racial Discrimination charges with a letter dated October 11, 2006. That notification of charges was addressed to Mr. Chad Reese at Defendant's office by EEOC investigator Reinaldo Lugo, who requested a position statement and any supporting documents by November 13, 2006. See Exhibit 4 attached hereto and incorporation herein by reference. The EEOC was advised on November 16, 2006, by Defendant's employee Michelle Van Loan, that the requested position statement would be submitted by November 27, 2006.

18.    Defendant was as disinterested in responding to the EEOC's inquiry concerning racial discrimination against Plaintiff as it was in investigating Plaintiff's claims beginning on or about June 11, 2006; he complained to management continuously for almost four (4) months

that he was subjected to racial harassment; he was accused repeatedly by co-worker Robert Bean in Plaintiff's presence and in the presence of other co-workers that Plaintiff was the Baseline killer and rapist; Bean also reported this information to the police; Bean's outrageous racial discrimination, bigotry and malicious actions towards Plaintiff were covered up and overlooked by Defendant because of Defendant's indifference to its duty to protect Plaintiff from racial intolerance in the work place but also because Robert Bean was a member of the Labor Union associated with Defendant and because Robert Bean's father is the President of that Local Labor Union.

19.    As a result of co-worker Bean's mean spirited actions, two Phoenix detectives came to Defendant's work place looking for Plaintiff; the detectives while showing their badges asked different co-workers where they could locate Plaintiff; this police conduct subjected Plaintiff to ridicule and embarrassment.

20.    When the detectives interviewed Plaintiff, he was fearful, intimidated and tormented; he was fearful he would be wrongfully incarcerated; the detectives were City of Phoenix employees and agents; the detectives learned during their investigation that the defamatory comments made about Plaintiff were false; the detectives never reported Plaintiff's innocence to Defendant Shuttleport nor did the City of Phoenix take any action against Defendant Shuttleport in an effort to prevent further harm to Plaintiff.  None of the Defendants did anything to prevent the continuing racial harassment, the hostile work environment and the slanderous comments from being made.  Defendant and the City of Phoenix had a duty to protect Plaintiff from racial discrimination, a hostile work environment and from defamatory statements made in the work place.  The City of Phoenix had notice of the slander and racial harassment once the police conducted the investigation.

21.    Plaintiff immediately reported the police interview to management and broke down and cried and sobbingly asked his manager to stop this torment; Plaintiff was told nothing could be done for him and Bean could do what he wanted to do as a citizen.

22.    In the meantime, Bean and others continued to call Plaintiff the Baseline killer/rapist to Plaintiff personally and in the presence of other co-workers and the general public.

23.    As a result of Defendant's failure and the City of Phoenix's failure to act to protect Plaintiff from the racially motivated, outrageous allegations made against him, other co-workers referred to Plaintiff as "nigger"; Plaintiff was assaulted by a co-worker; he was threatened with harm and feared for his life as co-workers told Plaintiff he should be shot and killed or put in prison.

24.    Defendant was so callous about Plaintiff's complaints of racial harassment and his fear for his life that instead of responding to the EEOC's inquiry as promised by November 27, 2006, more than two months later on January 29, 2007, the EEOC had to send another letter to Defendant requesting 1) a complete response to the Plaintiff's charges, 2) a copy of any documents in support of Defendant's position and 3) names and titles of all persons having knowledge of the circumstances leading to Plaintiff's allegations.  This request was mostly ignored. See Exhibit "5" attached hereto and incorporated herein by reference.

25.    Defendant did not respond to the EEOC's request for a position statement until February 7, 2007, some 85 days after it was due at the EEOC office.  Defendant's position is disingenuous; it merely denies discrimination took place without any supporting documents provided and concludes Plaintiff's charges of discrimination are without merit.

26.    The two-page position statement is set forth as Exhibit 6 and incorporated herein by reference.  Vasti Mugica, Assistant General Manager, sets forth in the document in February 2007, that even though co-worker Robert Bean was admittedly accusing Plaintiff since June 2006, that Plaintiff was the Baseline rapist/killer, as a citizen Mr. Bean had the right to report Plaintiff to the police and tell others this outrageous, racially motivated falsehood as Bean was "a citizen beyond the company's control."  Bean was never interviewed by management and no written statement from Robert Bean or anyone else was provided EEOC in Exhibit 6 or at any other time.  A total indifference is obvious on the part of Defendant.

27.    Plaintiff alleges he complained to Vasti Mugica and other managers about Bean's malicious characterization and the racial harassment numerous times and no action was ever taken.  Instead, management cruelly instructed Plaintiff to speak more clearly like "white people" and walk like "white people" with less aggression.

28.    Plaintiff was subject to racially derogatory comments due to his race and that after complaining to his job supervisor, Plaintiff was reprimanded in retaliation for his complaining to the EEOC.

29.    Defendant breached its employee handbook agreement with Plaintiff as follows:

1)    Defendant failed to maintain a work environment that was safe, productive and free from harassment.

2)    Defendant failed to provide Plaintiff with an equal employment opportunity.

3)    Defendant failed to impose reasonable standards of conduct against co-worker Robert Bean allowing Bean to harass and torment Plaintiff.

-8-

4)    Defendant violated its Harassment Prevention Policy by allowing Plaintiff to be continuously harassed as set forth herein, all in violation of Defendant's Employees Policy and Procedure handbook.

30.    On August 11, 2007, Plaintiff received his Notice of Right to Sue from the EEOC. That document was mailed on August 9, 2007 and is attached hereto as Exhibit "7" and incorporated herein by reference.

31.    Plaintiff was damaged by the wrongful acts of Defendant and its agents herein alleged, which damages include, without limitation, the following:

a)    Lost salary and benefits from the time of his termination until Plaintiff obtained employment at the same rate of compensation;

b)    Injury to Plaintiff's long term employment and career possibilities and income potential flowing from the wrongful conduct by Defendant and from the period of unemployment Plaintiff experienced since said illegal conduct;

c)    Injury to the Plaintiff's good name and reputation.

32.    All allegations of this Complaint are incorporated into each claim for relief in this Complaint.

## COUNT I – RACIAL DISCRIMINATION

33.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth previously herein.

34.    Plaintiff is black. Defendant and its employees discriminated against Plaintiff in the workplace because he was black. Racial slurs were commonplace not only against the Plaintiff but also against other black employees among the more than two hundred (200) employees of the Plaintiff. The word, "Nigger" was used against Plaintiff in the work place as

well as against other black employees. Defendant's workplace and its employees were hostile towards Plaintiff and its other black employees and against employees with other national origins. Plaintiff has suffered from depression and emotional distress because of Defendant's actions.

35.     Plaintiff is entitled to recover under Title VII for the damages he incurred and which were caused by Defendant. Defendant has violated both federal and state law with full awareness of the pervasive and on-going discriminatory practices.

36.     Plaintiff's complaints of discrimination were well known to Defendant but Defendant failed to take reasonable steps to prevent the racial harassment.

## COUNT II – RETALIATION

37.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth previously herein.

38.     When Plaintiff complained to his supervisor and filed EEOC discrimination charges about the discriminatory practices he had to incur in the workplace, his supervisor gave him disciplinary warnings and further harassed him, all of which amounted to wrongful retaliation.

39.     The final retaliation against Plaintiff occurred when Defendant filed an EEOC charge alleging retaliation on January 12, 2007; Defendant then without merit wrongfully terminated Plaintiff on May 17, 2007. Such actions were retaliatory in nature.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth previously herein.

41.     The acts and omissions on the part of Defendant described herein constituted extreme and outrageous conduct.

42.     Defendant intended to cause Plaintiff emotional distress while recklessly disregarding the near certainty that its conduct would cause emotional distress.

43.     Defendant's conduct was motivated by spite or ill will; or Defendant acted to serve its own interest by trying to coerce Plaintiff into quitting his employment with Defendant and having reason to know and consciously disregarding the substantial risk that its conduct would significantly harm the rights of Plaintiff; or Defendant consciously pursued its course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

44.     Defendant's conduct was wanton, willful, malicious, despicable, shocking and constituted such outrageous conduct that transcended all bounds of decency tolerated by our society.

45.     Defendant's conduct was such that an average person of ordinary sensibilities would experience and suffer severe mental injury as a result thereof; Defendant misused its authority and its special relationship in a shocking and malicious manner.

## COUNT IV – DEFAMATION

46.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth previously herein.

47.     During the period from June 2006, until at least November, 2006, Defendant Robert Bean, a co-worker of Plaintiff, maliciously and willfully defamed the character of Plaintiff, charging and accusing Plaintiff of being the Baseline killer/rapist.

48.     Defendant Bean's words were, and are false and defamatory and were done with malice and intent to defame Plaintiff.

49.     Plaintiff is not the Baseline killer/rapist; he has not killed or raped anyone; he has never been so charged and he is a law abiding citizen of the community.

50.     Defendant Bean's malicious, unlawful, unprivileged and false statements were transmitted to not only Plaintiff personally on at least five occasions but also numerous times to fellow employees, the Phoenix police and the general public and exposed Plaintiff to public hatred, contempt and ridicule; Defendant Bean's actions were known to Defendant Shuttleport and tended to deprive Plaintiff of public confidence and injured Plaintiff in his duties as a Shuttleport Ambassador; Plaintiff was subjected to personal threats to his safety, his life was placed at risk and he was physically assaulted.

51.     Defendant Bean was acting individually and as an agent and employee of both Defendants Shuttleport and the City of Phoenix.

52.     Defendant Bean's false and defamatory statements were made willfully, wantonly and maliciously in order to injure Plaintiff in Plaintiff's work and occupation; that at all times mentioned, Defendant Shuttleport had knowledge of, authorized, and ratified the false and malicious statements and acts of Defendant employee Bean and on or about May 17, 2007, Defendant Shuttleport willfully and with malicious intent wrongfully terminated Plaintiff.

53.     Defendant Bean's false statements, alleged actions and behavior involving moral turpitude, heinous crimes, and therefore constitutes slander per se.

54.     As a direct and proximate result of Defendant Bean's false and malicious statements, ratified by Defendant Shuttleport and as an agent of the City of Phoenix, Plaintiff has suffered irreparable damage to his reputation and slander within his community.  As a result of this false and defamatory matter, Plaintiff has suffered personal humiliation, mental anguish and suffering and suffered pecuniary damages.

## COUNT V – PUNITIVE DAMAGES

55.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth previously herein.

56.     Defendants actions towards Plaintiff were done in a conscious and deliberate manner and are malicious and wanton and constituted willful misconduct and Plaintiff is entitled to be awarded punitive damages against Defendant to punish and deter the Defendant and others from similar conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1.     For an award of compensatory damages for all of his losses and injuries as shall be proven at trial.

2.     For an award of punitive damages against Defendant for its malicious, wanton and willful misconduct towards Plaintiff.

3.     For an award of attorney's fees that may have been incurred or may be incurred in pursuit of this action.

4.     For costs of suit, and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this _7th_ day of November, 2007.

NEUHEISEL LAW FIRM, P.C.

Richard G. Neuheisel
Wells Fargo Bank Building
64 East Broadway Road, Suite 245
Tempe, Arizona  85282
Attorney for Plaintiff

**EXHIBIT 1**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 540-2007-00008 |

| Arizona Attorney General's Office, Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Rodney J. Adams | (480) 238-1846 | 04-17-1968 |

Street Address                     City, State and ZIP Code

**810 W. El Alba Way, Chandler, AZ 85225**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code |
|---|---|---|
| **SHUTTLE PORT/VIOLA** | **500 or More** | **(602) 220-0844** |

Street Address                     City, State and ZIP Code

**2425 E. Buckeye,  Phoenix, AZ 85034**

| Name | No. Employees, Members | Phone No. (Include Area Code |
|---|---|---|
|  |  |  |

Street Address                     City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest

**09-30-2006**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I began my employment with the Respondent on March 23, 2006 as an Ambassador. This position provides curbside customer service to clients. Beginning on or about June 11, 2006 and continuing to the present, Mr. Robert Bean, a White Driver has been subjecting me to racial harassment by accusing me of the being the Baseline killer and rapist stating I have the right skin color. Mr. Bean has been telling me this and to other employees who in turn have been subjecting me to harassment about this. Mr. Bean called the police on me in this matter. I have complained repeatedly to management about this yet they have taken no action to stop this harassment. If I were not Black, Mr. Bean would not be subjecting me to this harassment. In addition, Mr. Bean has been subjecting African and Somali employees to harassment stating to them and to management that they should not be working there because they cannot speak the language. Several written complaints have been made against Mr. Bean for his harassing conduct, yet this has not stopped it.

II. I believe that I have been discriminated against on the basis of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct 02, 2006<br>Date    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT 2**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2007-01419 |

| Arizona Attorney General's Office, Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Rodney J. Adams** | **(480) 238-1846** | **04-17-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **810 W. El Alba Way, Chandler, AZ 85225** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **SHUTTLE PORT** | **201 - 500** | **(602) 220-0844** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2425 E Buckeye Rd,  Phoenix, AZ 85034** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | **01-12-2007** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on March 15, 2006.  In October 2006, I filed EEOC complaint 540-2007-00008 against the Respondent.  On or about November 2006 I discussed the details of my EEOC complaint with Michelle (LNU) from Human Resources and the General Manager (Vasti). I received documented disciplinary warnings on December 27 and 28 of 2006.

I believe that I was discriminated in retaliation for filing an EEOC charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 12, 2007**  _____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**EXHIBIT 3**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 540-2007-03241 |

**Arizona Attorney General's Office, Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Rodney J. Adams** | **(480) 593-8337** | **04-17-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **810 W. El Alba Way, Chandler, AZ 85225** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SHUTTLE PORT VIOLIA OF AZ** | **500 or More** | **(602) 220-0844** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2425 E. Buckeye Rd., Phoenix, AZ 85004** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest     Latest

**05-17-2007**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On May 17, 2007, I was discharged from my position of Ambassador of one year, two months in retaliation for having filed previous charges of discrimination against Respondent.

I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

On May 17, 2007, I was presented with a termination notice outlining incidents dating back to March of 2007. I was not given the opportunity to defend myself. Instead, I was terminated because some of the operators felt threatened by me.

On many occasions, I have submitted unusual incident reports on operators regarding my concerns, yet my concerns are ignored.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **May 25, 2007** *Rodney Adams*  <br> Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT 4

## U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Chad Reese<br>General Manager<br>SHUTTLE PORT/ VIOLA<br>2425 E. Buckeye<br>Phoenix, AZ 85034<br><br>*RECEIVED OCT 1 2 2006* | **Rodney J. Adams** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**540-2007-00008** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act       [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by  *NOV 1 3 2006*  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                    to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by       to
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Reinaldo Lugo, Senior Investigator
(602) 640-5018

*Telephone.*

**Phoenix District Office - 540
3300 North Central Ave
Suite 690
Phoenix, AZ 85012**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| OCT 1 1 2006 | Chester V. Bailey,<br>District Director | *Chester V. Bailey* |

# EXHIBIT 5

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

January 29, 2007

Mr. Chad Reese
General Manager
Shuttle Port/Viola
2425 E. Buckeye
Phoenix, AZ 85034

Re: Rodney J. Adams vs. Shuttle Port/Viola #540-2007-00008

Dear Mr. Reese:

Under the authority of Section 709 (a) of Title VII of the Civil Rights Act of 1964, as amended, on October 11, 2006, the Commission mailed to the Respondent a copy of the above-referenced charge along with a Notification of Charge. That Notification of Charge requested a position statement and any supporting documents by November 13, 2006. On November 16, 2006 Michelle Van Loan stated that the position statement would be submitted by November 27, 2006. To date we have not received the requested response. Please be advised that the EEOC has the statutory duty and authority to investigate charges of discrimination that have been filed with the Commission. Please forward your response to me at the above address.

In your response, please address the following:

1. A full and complete response to the issues and allegations raised in the charge raised by the Charging Party.

2. A copy of any documents which the Respondent believes supports its position in response to the Charging Party's allegations.

3. Identify the name and title of all persons having knowledge of the circumstances leading to the Charging Party's allegations.

The Commission has authority under Title VII of the Civil Rights Act of 1964, as amended, to compel, through subpoena, the production of information and documentation relevant to the investigation of a charge. In the alternative, if relevant evidence within the Respondent's control is withheld without valid, the Commission may presume through adverse inference that the requested evidence supports the Charging Party's allegation.

The Commission wishes to afford you the fullest opportunity to cooperate with the Commission's investigation. You may be assured of the Commission's intention to issue a determination on the basis of a balanced investigation, which necessarily requires your cooperation. Please submit your full response to the Commission no later than Wednesday, February 7, 2007.

Yours truly,

Reinaldo Lugo
Investigator
602/640-5018

**EXHIBIT 6**

 **SHUTTLEPORT**                                 **HAND DELIVERED**

## ShuttlePort Arizona Joint Venture

together as ◉ **VEOLIA**

February 7, 2007

U.S. Equal Employment Opportunity Commission
Reinaldo Lugo
Investigator
Phoenix District Office - 540
3300 N. Central Avenue
Phoenix, AZ 85012

Re:    Rodney Adams vs. ShuttlePort, Phoenix Division
        EEOC Charge No. 540-2007-00008

Dear Mr. Lugo:

In response to the EEOC's request, Respondent, ShuttlePort/Veolia Transportation ("ShuttlePort" or the "Company"), submits its position statement concerning the charges of racial discrimination filed by Rodney Adams ("Adams"). Despite the employment actions challenged by Adams, the record for this decision belies any assertion that ShuttlePort illegally discriminated against Adams. Adams' discrimination claim based on race is without merit as a matter of fact and law.

ShuttlePort

ShuttlePort is a subsidiary of Veolia Transportation and is the nation's largest private provider of transit services. Its Phoenix Rental Car Center division DIRECTS 202 Operators, Mechanics and support staff in providing bus shuttles for passengers renting cars at Phoenix Sky Harbor International Airport.

Employment and Disciplinary History

Adams was hired by ShuttlePort as a Curbside Ambassador on March 27, 2006 and has been employed in this capacity since his date of hire. Since that time he has received complaints from Operators regarding being confrontational and he has been counseled.

Allegation of Discrimination based on Race

Adams alleges that he was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964 (Exhibit 1). This allegation is baseless and without merit.

Rodney Adams
EEOC Complaint #541-2007-00008
2/8/2007
Page 2

In June of 2006 Adams reported to me that Operator Robert Bean was accusing him of being the Baseline Rapist/Killer. I informed Rodney that as a citizen Mr. Bean had the right to report anyone to the police or the investigation hotline. After this discussion Adams said he would be seeking legal action against Operator Bean.

The company received a complaint from Abshir Hussain regarding this same Operator Bean not following his instructions. Operations Manager Curtis Koleber addressed this issue with Mr. Bean and to-date no other complaints have been filed by Abshir Hussain against Operator Bean.

Diversity

The Phoenix Sky Harbor International Airport division of ShuttlePort is very diverse and is representative of the local market as evidence by the 2006 EEO1 Report (Exhibit 2).

Conclusion

Adams alleges racial discrimination because another employee as a citizen reported him to the police because in the employee's opinion Adams fit the description of the rapist. Another employee was having problems with this same Operator and after bringing it to the manager's attention the issue was resolved.

Based on the facts surrounding the employment decisions and applicable law, ShuttlePort respectfully submits that Adam's charge is totally without merit and should be dismissed in its entirety. The actions which were taken by a citizen is beyond the company's control. In the event you have any questions or would like any additional information to assist you in your investigation, please feel free to contact me.

Sincerely,


Vasti Mugica
Assistant General Manager
Phoenix ShuttlePort RAC
2425 E. Buckeye Road
Phoenix, AZ. 85206
(602) 220-0844, extension 104

CC:    Chad Reese, General Manager
       Greg Wagnor, Regional Human Resources Manager

**EXHIBIT 7**

EEOC Form 161-B (10/96)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:    Mr. Rodney J. Adams
      810 W. El Alba Way
      Chandler, AZ 85225

From: Equal Employment Opportunity Commission
      3300 N. Central Ave. #690
      Phoenix, Arizona 85012-1848

[ ] *On behalf of person(s) aggrieved whose identity is*
    *Confidential (29CFR & 1601).7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 540-2007-03241 | David B. Rucker, Supv. Unit II | (602) 640-5055 |

(See also the additional information attached to this form)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. **Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]    More than 180 days have passed since the filing of this charge.

[X]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, Please send a copy of your court complaint to this office.

On behalf of the Commission

*Chester V. Bailey*

AUG 0 9 2007

Enclosure(s)

Chester V. Bailey, District Director

(date mailed)

cc: Shuttle Port/Veolia