John T. Masterson, Bar #007447
Christina Retts, Bar #023798
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7846
jmasterson@jshfirm.com
cretts@jshfirm.com

*Attorneys for Defendant City of Phoenix*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RODNEY J. ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTLEPORT ARIZONA JOINT VENTURE; SHUTTLEPORT SERVICES ARIZONA LLC, a limited liability company; SHUTTLEPORT HOLDINGS INC., a member; VEOLIA TRANSPORTATION SERVICES, INC., a Maryland corporation; CITY OF PHOENIX, an Arizona municipal corporation; ROBERT BEAN,<br><br>Defendants. | NO. 2:07-cv-02170-PHX-JAT<br><br>**DEFENDANT'S 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant City of Phoenix, through counsel and pursuant to Federal Rule of Civil Procedure 12(c), moves this Court to dismiss Plaintiff's Complaint for failure to timely comply with the substantive requirements of A.R.S. § 12-821.01, the notice of claim statute.

This Motion is supported by the attached Memorandum of Points and Authorities, any pleadings on file, and the record in this case, which are incorporated by this reference.

1902509.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This lawsuit is based upon allegations related to the alleged wrongful termination and defamation of Plaintiff Rodney J. Adams, who was employed by Defendant Shuttleport.

Plaintiff's Complaint contains five counts: (1) racial discrimination[1]; (2) retaliation[2]; (3) intentional infliction of emotional distress[3]; and (4) defamation.

The only identifiable claim against the City of Phoenix is a state law claim for defamation.[4]  Plaintiff alleges that Shuttleport employee Robert Bean wrongfully accused him of being the Baseline Rapist.  Allegedly as a result, two City of Phoenix detectives interviewed Plaintiff and learned that the defamatory statements were false.  Plaintiff states that: (1) Defendant Bean's statements were false and defamatory; (2) that the statements were transmitted to the Phoenix police; (3) that Defendant Bean- an employee of Shuttleport- was transformed into an agent and employee of the City of Phoenix; and (4) the City of Phoenix is responsible for Defendant Bean's statements on a theory of ratification.

In its Answer, the City of Phoenix affirmatively alleged that Plaintiff failed to comply with the notice of claim statute.

---

[1] Defendant believes that Plaintiff intends to bring a federal cause of action for racial discrimination pursuant to Title VII against Defendant Shuttleport and its employees, but Plaintiff does not specifically identify the statutory provision he is proceeding under.  Plaintiff filed an EEOC complaint for discrimination as against Shuttleport only.  The City of Phoenix did not ever employ the Plaintiff or any of the employees of Shuttleport who allegedly discriminated against Plaintiff.

[2] Defendant believes that Plaintiff intends to bring a federal cause of action for retaliation pursuant to Title VII against Defendant Shuttleport and its employees, but like with his discrimination claim, Plaintiff has not specifically identified the statutory provision he intends to proceed under.  Like with his discrimination claim, Plaintiff filed an EEOC complaint for retaliation as against Shuttleport only.

[3] Fairly read, Plaintiff's claim for intentional infliction of emotional distress applies only to Defendant Shuttleport.

[4] To the extent that Plaintiff's emotional distress claim could be found to apply to the City of Phoenix, such a claim is not actionable due to Plaintiff's failure to comply with the notice of claim statute.

On November 7, 2007, Plaintiff served his Notice of Claim upon the Phoenix City Clerk's Office. *See* Plaintiff's Notice of Claim, Exhibit 1. Plaintiff calculated the date of service from the date of his termination from Shuttleport, May 17, 2007. However, the defamation claim necessarily occurred before this date making Plaintiff's Notice of Claim untimely.

Further, Plaintiff's Notice of Claim contains only a bare bones recitation of the "facts" supporting his claims. Notably, the essential facts upon which he bases his claim for defamation in his Complaint are absent from his Notice of Claim. Plaintiff also does not identify the specific legal theories he seeks to advance as against the City of Phoenix.

With respect to the purported facts supporting the "sum certain", the Notice of Claim states:

> The damages that have been incurred by Mr. Adams for loss of employment, loss of income, loss of future employment opportunities, loss of reputation and mental distress along with fear for his physical safety and for his life, have been extraordinary. . . The City of Phoenix failed to satisfy its duty to Mr. Adams and he has suffered physically, mentally, emotionally and has lost income.

*Id.* at p. 2. Because Plaintiff failed to timely comply with the substantive requirements of A.R.S. § 12-821.01, Plaintiff's state law claims as the City of Phoenix must be dismissed.

## II.  LAW AND ARGUMENT

### A.  A Motion for Judgment on the Pleadings is the Proper Procedural Device.

Federal Rule of Civil Procedure 12(c) permits judgment on the pleadings after the filing of an Answer. "Judgment on the pleadings is appropriate when the moving party clearly establishes on the fact of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Bamonte v. City of Mesa*, 2007 WL 2022011 (D. Ariz. 2007) (slip copy). In ascertaining whether judgment on the pleadings should be entered, the Court may consider the allegations set forth in the complaint and the answer, and any other materials that are: (1) specifically

referred to in the complaint, (2) central to the plaintiff's claim, and (3) of uncontested authenticity. *See Marder v. Lopez*, 450 F.3d, 448 (9th Cir. 2006).

A notice of claim letter is not outside the pleadings where the Complaint or the Answer refer to the document. Here, the Answer refers to Plaintiff's Notice of Claim and the failure to properly comply with the notice of claim requirements. *See Bamonte*, 2007 WL 2022011 *5.

**B.   Plaintiff's Claims Must be Dismissed for Failure to Comply with the Notice of Claim Statute.**

    **1.   Plaintiff Failed to Comply with the Notice of Claim Statute by Failing to Timely Serve a Notice of Claim Upon the City of Phoenix**.

Plaintiff's claims against the City of Phoenix must be dismissed for failure to timely serve his Notice of Claim.

Pursuant to A.R.S. § 12-821.01, to institute suit against a public entity or public employee, a notice of claim must be filed within 180 days after the cause of action accrues, or the cause of action will be barred. *See, Johnson v. Superior Court*, 158 Ariz. 507, 509, 763 P.2d 1382, 1384 (App. 1988); *Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App. 1996). Arizona Revised Statutes § 12-821.01 provides that a cause of action against a public entity or employee, which Defendants are, "accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A plaintiff need not suffer all damages upon which his claim is based before the applicable statute of limitations begins to run. *See, e.g., CDT, Inc. v. Addison, Roberts & Ludwig*, 198 Ariz. 173, 176, 7 P.3d 979, 982 (App. 2000).

Plaintiff served his Notice of Claim on November 7, 2007. Although within 180 days from the date of his May 17, 2007 termination, his cause of action for defamation did not accrue on the date of his termination. According to the statements made in Plaintiff's Notice of Claim and Complaint, his cause of action for defamation accrued when the City of Phoenix detectives interviewed the Plaintiff following Mr. Bean's allegations that he was the Baseline Rapist. Although Plaintiff neither identifies

1902509.1

4

this date in his Notice of Claim or Complaint, the sequence of events set forth in both of these documents demonstrates that this event was earlier in time than Plaintiff's termination. As such, Plaintiff's state law claims are barred for failure to file a timely notice of claim.

        2.    **Plaintiff Failed to Comply with the Substantive Requirements of the Notice of Claim Statute.**

In addition to failing to timely file his Notice of Claim, Plaintiff failed to comply with the substantive provisions of the notice of claim statute. The statute specifically requires that "[t]he claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." *Id.* If a plaintiff does not comply with these requirements, the cause of action shall be **barred**. *Id.*

        a.    <u>Plaintiff Failed to Set forth the Facts Supporting his Claims of Liability.</u>

In his Notice of Claim, Plaintiff generally alleges that as an employee of Shuttleport he was subject to discrimination. Plaintiff does not specifically allege that he was subject to defamation or set forth the "agency" theory of defamation that appears in his Complaint. Rather, Plaintiff only states that:

> A co-worker reported to the Phoenix police that Mr. Adams was the Baseline killer/rapist and the police investigated these allegations and interviewed Mr. Adams. Nothing was ever done to protect Mr. Adam's interests, his reputation or his job security by either Shuttleport or the City of Phoenix.

*See* Exhibit 1, p. 1. Plaintiff does not assert that the unidentified "co-worker's" statements were defamatory or that Plaintiff intended to allege that this "co-worker" was an agent or employee of the City of Phoenix making the City responsible for the statements.[5]

Because Plaintiff failed to set forth sufficient facts and legal basis for his claims against the City of Phoenix, Plaintiff's claims must be dismissed.

---

[5] Assuming *arguendo* that this Court finds that Plaintiff has stated a claim against the City of Phoenix for intentional infliction of emotional distress, Plaintiff's Notice of Claim is also devoid of any reference to the legal claim of intentional infliction of emotional distress or any facts that would advise the City of Plaintiff's claims against it.

1902509.1        5

b.   **Plaintiff Failed to Set forth Adequate Facts Supporting his Sum Certain**.

Because Plaintiff failed to set forth the facts supporting his $300,000 sum certain, his claims against the City of Phoenix must be dismissed.

In *Deer Valley Unified School Dist. v. Houser*, 214 Ariz. 293, 152 P.3d 490 (Ariz. 2007), the court strictly interpreted the requirements of the notice of claim statute in addressing the issue of what constitutes a sufficient notice of claim for purposes of A.R.S. § 12-821.01. More specifically, the court clarified and corrected the statutory interpretation applicable to the monetary demand requirement contained in A.R.S. § 12-821.01, noting that the statute requires that claimants present a *specific amount* for which the claim can be *settled* and the *facts supporting* that amount. *Houser*, 214 Ariz. at 297, 152 P.3d at 494 (emphasis added).

In reaching its holding, the court looked to the policy behind the statutory requirements of the notice of claim and noted that they:

> allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.

214 Ariz. at 295, 152 P.3d at 492 (*citing Falcon ex rel Sandoval v. Maricopa County*, 213 Ariz. 525, 527). The statutory obligation of presentation of the facts upon which a settlement demand is based supports this policy by ensuring ". . . that claimants will not demand unfounded amounts that constitute 'quick unrealistic exaggerated demands.'" 214 Ariz. at 297, 152 P.3d at 494. Enforcement of the mandates of the statute ensures "that government entities will be able to realistically consider a claim." *Id*.

Applying these principles, the *Deer Valley* court held that the plaintiff failed to satisfy the requirements of the notice of claim statute where she provided the following information relative to her claim: (1) loss of a previous salary of $68,000.00 per year and an additional $7,000.00 for summer school; (2) anticipation of a $6,000.00 raise for the year and similar appropriate pay increases thereafter; (3) economic damages to be approximately $35,000.00 per year or more going forward over the next 18 years; (4)

1902509.1                                6

compensatory damages for emotional distress suffered in an amount no less than $300,000.00; and (5) general damages for damage to her reputation of employment in an amount no less than $200,000.00. 214 Ariz. at 295-96, 152 P.3d at 492-493. Because plaintiff failed to comply with the notice of claim statute, and the timeframe to do so had passed, the court held that her cause of action was barred. 214 Ariz. at 299, 152 P.3d at 496; *See also Bamonte*, 2007 WL 2022011 (D.Ariz. 2007).

Likewise, in *Simmons v. Navajo County*, 2008 WL 343292 (D. Ariz. 2008), the court held that plaintiffs' 104 page notice of claim failed to comply with the requirements of the notice of claim statute. While the claim contained a demand for $20,000,000.00, the court noted that plaintiffs failed to present facts sufficient to support this amount where plaintiffs stated three general categories of damages- loss of love, affection, consortium, and other forms of emotional distress- but did not specifically address the value of these claims. *Id*. at *3. The court specifically noted that the requirement of facts supporting the claimed amount "is not mere window dressing", but a "mandate" that "ensure[s] that government entitles will be able to realistically consider a claim." *Id*. at *4 (*citing Deer Valley*, 152 P.3d at 493).

Here, like in *Deer Valley* and *Simmons*, Plaintiff's Notice of Claim fails. The notice of claim statute clearly and unequivocally requires specific facts supporting the claimed amount, however, Plaintiffs' Notice of Claim does not meet this requirement.

First, as to the sum certain, Plaintiff's Notice of Claim states that "Mr. Adams is demanding the sum of $300,000 to settle this claim." *See* Exhibit 1, at p. 2. Plaintiff's statement that the demand is based upon:

> loss of employment, loss of income, loss of future employment opportunities, loss of reputation and mental distress and emotional distress along with fear for his physical safety and for his life. . .he has suffered physically, mentally, emotionally and has lost income.

*Id.* These "facts" are woefully insufficient and are merely window dressing that do nothing to apprise the City of Phoenix of how the Plaintiff arrived at his $300,000.00 demand. For example, Plaintiff states that he lost income, but does not even identify the

1902509.1                                                              7

basis for his calculation of loss of income, such as his hourly rate. Plaintiff identifies loss of future employment opportunities, but does not identify what opportunities he believes that he would have been entitled to. Without any factual basis for the settlement amount, there was no way of knowing whether the proposed amount was a realistic, rather than an exaggerated, demand. The City was entitled to know why Plaintiff thought he was entitled to $300,000.00, so that the City could evaluate its exposure without undertaking expensive litigation discovery.

Because Plaintiff failed to sufficiently identify the facts supporting his requested "sum certain", Plaintiff's claims against the City of Phoenix must be dismissed.

### III. CONCLUSION

The City of Phoenix respectfully request a dismissal of Plaintiff's Complaint against the City of Phoenix because: (1) Plaintiff did not timely file his Notice of Claim; (2) Plaintiff's Notice of Claim fails to set forth the factual and legal basis for his claims; and (3) Plaintiff failed to adequately set forth the facts supporting his "sum certain".

RESPECTFULLY SUBMITTED this 15th day of April 2008.

JONES, SKELTON & HOCHULI, P.L.C.


By  s/Christina Retts
   John T. Masterson
   Christina Retts
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
   *Attorneys for Defendant City of Phoenix*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on April 15, 2008, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Richard G. Neuheisel, Esq.
> NEUHEISEL LAW FIRM, PC
> Wells Fargo Bank Building
> 64 East Broadway Road, Suite 245
> Tempe, Arizona 85282
> Attorney for Plaintiff

s/Letitia L. Wright

1902509.1

9