**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rodney J. Adams,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Shuttleport Arizona Joint Venture; Shuttleport Services Arizona LLC; Shuttleport Holdings Inc.; Veolia Transportation Services, Inc.; City of Phoenix; Robert Bean,<br><br>　　　　Defendants. | No. CV 07-2170-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Defendant City of Phoenix's motion for judgment on the pleadings (Doc. #27) in which the City of Phoenix argues that Plaintiff failed to comply with the Arizona notice of claim statute. *See* A.R.S. § 12-821.01. Plaintiff cites to the opinion of another judge in this district for the proposition that a motion to test the timeliness and sufficiency of the notice of claim is properly brought under Federal Rule of Civil Procedure 12(c). *See Bamonte v. City of Mesa*, No. CV-06-01860-PHX-NVW, 2007 WL 2022011 (D. Ariz. July 10, 2007). In that case, the judge concluded, "[t]he parties have therefore agreed that the Motion to Dismiss under Rule 12(c) need not be converted into a motion for summary judgment under Rule 56." *Id.* at 5.

　　　　Similarly, in this case, Plaintiff states in his response, "A Motion for Judgement on the Pleadings is the Proper Procedural Device." (Doc. # 31 at 2.) Based on this concession,

the Court will consider this motion under Federal Rule of Civil Procedure 12(c). And the Court finds that Plaintiff has waived any argument to have the motion considered under Rule 56 or as an unenumerated 12(b) motion, without deciding whether Rule 12(c) is the proper procedural mechanism for this type of motion.[1]

**I.      Background**

Defendant Shuttleport hired Plaintiff Rodney Adams on March 27, 2006 as an Ambassador, providing curbside customer service. Defendant City of Phoenix owns and operates Sky Harbor Airport and has a contract with Shuttleport to provide shuttle bus service between terminals and the rental car center. Defendant Robert Bean was an employee of Shuttleport. Plaintiff alleges co-worker Robert Bean racially discriminated against him, repeatedly accused him of being the Baseline killer and rapist, and reported this information to the police. As a result, two City of Phoenix detectives questioned Plaintiff at work, subjecting him to ridicule and embarrassment. During their investigations, detectives learned

---

[1] *Compare*, *Jones v. Cochise County*, No. 2 CA-CV 2007-1032, - - - P.3d - - -, 2008 WL 2570118, at *2 (Ariz. App. June 30, 2008) (finding that, "[t]he County's motion to dismiss asserted the Joneses' notice of claim did not comply with § 12-821.01. The trial court granted the motion, properly regarding it as a motion for summary judgment pursuant to Rule 56(c), Ariz. R. Civ. P., because 'the [attached] Notice of Claim is a document outside the pleadings.'"), *with Inlandboatmens Union of Pac. v. Dutra Group*, 279 F.3d 1075, 1078, n.2, 1083 (9th Cir. 2002) ("We have held that a failure to exhaust non-judicial remedies is a 'matter in abatement' that is 'related' to our jurisdiction, but that such a failure does not fall within any of the categories of reasons for dismissal specified in Rule 12(b). *Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (per curiam). Thus, we have concluded, a motion to dismiss for a failure to exhaust non-judicial remedies is properly considered a 'non-enumerated' Rule 12(b) motion. *Id*. at 369. . . . The district court correctly ruled on Dutra's motion as a rule 12 motion to dismiss. We have held that a failure to exhaust non-judicial remedies must be raised in a motion to dismiss, and should be treated as such even if raised as part of a motion for summary judgment."), *and with Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (holding that the failure to exhaust non-judicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated 12(b) motion to dismiss). An Arizona appellate court has held that the former version of the Arizona notice of claim is not jurisdictional. *See Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990). But more recent Arizona decisions analyzing the current version of the claims statute possibly indicate that at least portions of the statute could be jurisdictional.

the defamatory comments were false, but never reported Plaintiff's innocence to Shuttleport. Nor did Defendant City of Phoenix take any action against Shuttleport to prevent further harm. Plaintiff was terminated on May 17, 2007.

Plaintiff argues that Defendants Shuttleport and City of Phoenix "had a duty to protect Plaintiff from racial discrimination, a hostile work environment and from defamatory statements made in the work place. The City of Phoenix had notice of the slander and racial harassment once the police conducted the investigation." (Doc. # 1 at 6.) Plaintiff alleges several claims against the multiple defendants, but only his defamation claim is against Defendant City of Phoenix: "as a direct and proximate result of Defendant Bean's false and malicious statements, ratified by Defendant Shuttleport and as an agent of the City of Phoenix, Plaintiff has suffered irreparable damage to his reputation and slander within his community." *Id*. On November 7, 2007, Plaintiff served his notice of claim letter upon the Phoenix City Clerk's Office.

## II.    Legal Standard

### A.    Rule 12(c)

Federal Rule of Civil Procedure 12(c) permits judgment on the pleadings after an answer to a complaint has been filed. "Judgment on the pleadings is appropriate when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002). In determining whether judgment on the pleadings should be entered, a district court may consider the allegations made in the complaint and the answer, *id*., materials attached to the complaint in accordance with Federal Rule of Civil Procedure 10(c), *id*., and any other materials that are (1) specifically referred to the in the complaint, (2) central to the plaintiff's claim, *and* (3) of uncontested authenticity, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). If any other materials are to be considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(c).

*Bamonte,* 2007 WL 2022011 at *5.

The notice of claim letter, the only evidence on which the motion for judgment on the pleadings will be decided, is not outside the pleadings. *See id*. While the complaint does not

- 3 -

refer to it, neither party disputes the notice of claim letter and both parties rely on it in their respective motion, response, and reply; therefore, the Court will consider it as part of this motion. The parties have also agreed that Rule 12(c) is the proper procedural mechanism and therefore the motion need not be converted into a motion for summary judgment under Rule 56.

### B. Notice of Claim

Arizona Revised Statutes (A.R.S.) § 12-821.01 requires a claimant to provide a notice of claim to a public entity before initiating an action for damages against it:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
>
> B. For purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.

These statutory requirements serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (quoting *Martineau v. Maricopa County*, 86 P.3d 912, 915-16 (Ariz. App. 2004)). Claims that do not comply with the statute are barred and no action may be maintained. A.R.S. § 12-821.01.

### III. Discussion

Plaintiff's notice of claim to Defendant City of Phoenix on November 7, 2007 fails to comply with A.R.S. § 12-821.01 in several respects.

### A. Timeliness

Defendant argues Plaintiff's claims must be dismissed because his notice of claim letter was not timely served. Defendant contends Plaintiff's claim accrued in September or

- 4 -

1 October of 2006,[2] when detectives interviewed the Plaintiff at his workplace, and the notice of claim was filed more than 180 days later. Plaintiff argues his notice of claim was timely filed because he did not know he was wronged by the two City of Phoenix detectives until he was terminated on May 17, 2007. Plaintiff points to A.R.S. § 12-821.01(B), which provides "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage."

The same discovery rule, and therefore accrual date, applies to both the filing of the notice of claim and the filing of the complaint against public entities or employees. *Dube v. Likins*, 167 P.3d 93, 109 (Ariz. App. 2007) (citing *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 3 P.3d 1007, 1010 (Ariz. App. 1999)). "Generally, a cause of action for defamation accrues on the date of the defamatory publication." *Id.* (citing *Lim v. Superior Court*, 616 P.2d 941, 942 (Ariz. App. 1980)). The discovery rule applies to defamation cases "in which the defamatory statement is 'published in a manner in which it is peculiarly likely to be concealed from the plaintiff, such as a confidential memorandum or credit report.'" *Id.* (quoting *Clark v. AiResearch Mfg. Co. of Ariz.*, 673 P.2d 984, 985 (Ariz. App. 1983)). The discovery rule does not apply when there is "nothing 'particularly secretive' about the allegedly defamatory communications and [plaintiff] had long had reason to believe that [defendant's] personnel had been saying negative things about him." *Id.* (quoting *Clark*, 673 P.2d at 986-87).

In the instant case, the defamatory statements made by Defendant Bean began on June 11, 2006. (Doc. # 1 at 4.) Plaintiff alleges he complained to management about the racial

---

[2]The complaint does not allege a date when City of Phoenix detectives interviewed the Plaintiff. However, Plaintiff's affidavit, filed with his response to Defendant's motion, states that "sometime in September or October, 2006, I was interviewed for about thirty (30) minutes by two (2) City of Phoenix Detectives." (Doc. # 32 at 2.) "All allegations of fact by the party opposing the motion are accepted as true." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Furthermore, the City of Phoenix does not dispute this date in its reply. (Doc. # 33 at 2-3.)

1 slurs and discrimination, and he filed a Charge of Discrimination with the Equal Employment
2 Opportunity Commission (EEOC) on October 2, 2006. *Id*. The discrimination continued and
3 Plaintiff filed two more Charges of Discrimination with the EEOC on January 12, 2006 and
4 May 25, 2007. *Id*. at 5. Plaintiff fails to allege there was anything "particularly secretive"
5 about Defendant Bean's statements and his filings with the EEOC indicate he was aware of
6 the statements and the source no later than October 2, 2006. Further, there was nothing
7 "particularly secretive" about the City of Phoenix detectives who interviewed Plaintiff at his
8 work place in September or October of 2006. Plaintiff admits that "the detectives while
9 showing their badges asked different co-workers where they could locate Plaintiff; this police
10 conduct subjected Plaintiff to ridicule and embarrassment." (Doc. # 1 at 6.) Accordingly, the
11 defamation claim, as it relates to Defendant Bean's statements and the City of Phoenix
12 detectives' investigation, accrued no later than October 2, 2006, which is more than 180 days
13 prior to Plaintiff's filing of his notice of claim. Plaintiff's notice of claim therefore is
14 untimely and his action is barred.

15 **B.    Facts Supporting Claims of Liability**

16 Alternatively, the Court finds that Plaintiff's notice of claim did not satisfy the
17 substantive requirements of AR.R.S. §12-821.01(A). Defendant argues that Plaintiff's notice
18 of claim fails to set forth the facts supporting his claims of liability. Plaintiff argues that
19 based on the notice of claim, "the City of Phoenix could understand the basis upon which the
20 liability is claimed." (Doc. 31 at 3.) In Plaintiff's notice of claim, he states: "A co-worker
21 reported to the Phoenix police that Mr. Adams was the Baseline killer/rapist and the police
22 investigated these allegations and interviewed Mr. Adams. Nothing was ever done to protect
23 Mr. Adam's interests, his reputation or his job security by either Shuttleport or the City of
24 Phoenix." (Doc. # 27-2 at 1.)

25 A.R.S. § 12-821.01(A) requires that "the claim shall contain facts sufficient to permit
26 the public entity or public employee to understand the basis upon which liability is claimed."
27 The purpose of this statutory requirement is to allow the public entity to investigate and
28 assess the claim. *See Falcon*, 144 P.3d 1254, 1256. Nowhere in his notice of claim does

- 6 -

1 Plaintiff provide the name of the co-worker, the names of or any other identifying 2 information for the detectives, or the time period when the conduct occurred. Without such 3 rudimentary facts, the City of Phoenix could not investigate and assess the claim. 4 Accordingly, the notice of claim fails to provide facts sufficient to understand the basis of 5 liability and Plaintiff's action is barred on this further basis.

### C. Specific Amount and Supporting Facts

Also in the alternative, the Court finds that Plaintiff's notice of claim lacks sufficient facts to support the requested settlement amount. Defendant argues that Plaintiff failed to set forth adequate facts supporting his settlement amount. Plaintiff argues he met the statutory requirement by alleging several categories of damage and contending it was not a "quick unrealistic exaggerated demand." (Doc. # 27-2 at 2.)

A.R.S. § 12-821.01(A) requires that "the claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount."

> This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim. The attendant statutory obligation that claimants present "facts supporting that amount" requires that claimants explain the amounts identified in the claim by providing the government entity with a factual foundation to permit the entity to evaluate the amount claimed. This latter requirement ensures that claimants will not demand unfounded amounts that constitute "quick unrealistic exaggerated demands." *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App. 1990). In tandem, these two statutory mandates ensure that government entities will be able to realistically consider a claim.

*Deer Valley Unified Sch. Dist. v. Houser*, 152 P.3d 490, 494 (Ariz. 2007).

In *Deer Valley*, the Arizona Supreme Court held that the claimant's notice of claim letter failed to state a "specific" amount for which the claim could be settled, and therefore did not comply with the statutory requirement. There, claimant provided the following information regarding her damages: loss of previous salary of $68,000 per year and an additional $7000 per year for summer school, anticipated raise of $6000 for the upcoming school year and similar appropriate pay increases thereafter, $36,800 in salary for the current year, economic damages anticipated to be approximately $35,000 per year or more going forward over the next 18 years, compensatory damages of no less than $300,000 for

1 emotional distress, and general damages of no less than $200,000 for damage to reputation
2 of employment. *Id*. at 492. The letter did not provide additional information to support the
3 amounts and concluded with a demand for payment of said amounts. *Id*. The court noted that
4 her "repeated use of qualifying language[, such as *approximate*, *or more*, and *no less than*,]
5 makes it impossible to ascertain the precise amount for which the District could have settled
6 her claim." *Id*. at 493. The courts finding only addressed whether the amount claimed was
7 specific and did not make a finding as to whether the letter provided facts supporting the
8 amount claimed. *Id* at 494 n.3.

9 The Arizona Court of Appeals recently interpreted *Deer Valley* to "provide[] no
10 guidance on what may or may not be sufficient facts beyond the one narrow circumstance
11 of no facts at all." *Backus v. State*, Nos. 1 CA-CV 07-0640, 1 CA-CV 07-0671, - - - P.3d - -
12 -, 2008 WL 2764601, at *5 (Ariz. App. July 17, 2008). "If the notices of claim provided by
13 Backus and Johnson contain *any* facts to support the proposed settlement amounts, regardless
14 of how meager, then such notices met not only the literal language of the statute but also any
15 requirement that may be implied from *Deer Valley*." *Id*. at *7.

16 In the instant case, Plaintiff stated a specific amount of $300,000 for which he would
17 settle the claim. (Doc. #27-2 at 2.) Plaintiff also provided the following information
18 supporting that amount: "The damages that have been incurred by Mr. Adams for his loss of
19 employment, loss of income, loss of future employment opportunities, loss of reputation and
20 mental distress and emotional distress along with fear for his physical safety and for his life,
21 have been extraordinary." *Id*. The Court notes that these are general categories of damages
22 and does not address the value of each, nor how the value was determined. *See Bamonte*,
23 2007 WL 2022011 at *6; *Simmons v. Navajo County*, No. CV-06-701-PCT-DGC, 2008 WL
24 343292, at *3-4 (D. Ariz. Feb. 6, 2008). Based on this limited information, the Defendant
25 cannot determine the extent to which $300,000 reflects a loss of income as opposed to
26 emotional distress or another claim. Plaintiff also did not provide "*any* facts to support the
27 proposed settlement amounts," *Backus*, 2008 WL 2764601, at *5, to allow the Defendant to
28 determine if, for example, loss of income had a reasonable basis or was a "quick unrealistic

1  exaggerated demand[]." *Deer Valley*, 152 P.3d at 494. Plaintiff failed to provide a "factual
2  foundation to permit the entity to evaluate the amount claimed." *Id*. at 493. Plaintiff's notice
3  of claim does not meet the statutory requirement for sufficient facts supporting the specific
4  amount and is therefore barred for that additional reason.

Accordingly,

**IT IS ORDERED** that Defendant City of Phoenix's motion for judgement on the pleadings (Doc. # 27) is **GRANTED**.

DATED this 13th day of August, 2008.

James A. Teilborg
United States District Judge